### In re MILLER.

No. 57358.

United States District Court
N. D. Ohio, E. D.

Oct. 21, 1942.

C. D. Friebolin, Cleveland, Ohio, referee. Alfred L. Steuer, Cleveland, Ohio, for petitioning creditor.

JONES, Judge.

One of the reviews deals with the question of whether the amended intervening involuntary petition of James Easely sufficiently sets forth a provable claim fixed as to liability and liquidated as to amount within the meaning of Sec. 59, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 95, sub. b. The Referee certifies that there was no contradiction in the evidence and that from such evidence he found and concluded that the provable debt was such as to satisfy the requirements of the statute.

From a consideration of the matter, as certified by the Referee, the question seems to be a close one, but, under all of the circumstances, it is difficult to say that the Referee's finding and conclusion is clearly erroneous or manifestly unjust. It is not essential that the debtor should specifically acknowledge the liability as a fixed one. The question turns on whether the amount alleged to be due has in fact been earned and is due in the amount stated. All of the circumstances considered, the claim is one which well could be found to be fixed as to liability and liquidated as to amount. Order of the Referee confirmed.

The two other reviews deal with motions made by an original involuntary petitioner and the intervening petitioner attacking certain allegations of the bankrupt's answers to their respective petitions. Upon hearing, the Referee sustained the motions and held that five of the defenses set up in the bankrupt's answer were frivolous, redundant, immaterial, or impertinent, within the meaning of Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. The principal issue raised by the motion appears to have turned on the question of whether the bankrupt can be properly held in the bankruptcy court in this District.

She denies that she is either a resident of or has a domicile within this District for a longer portion of the preceding six months than in any other jurisdiction. Sec. 2, sub. a(1), Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(1). Upon hearing, the Referee found that the challenged defenses were without any foundation whatever. While the finding of the Referee in respect of the issues raised on the evidence and facts before him probably are justified, yet the Court wonders whether the bankrupt should not be permitted to offer evidence on the defenses set forth, for the purposes of the record at least. The orders of the Referee in these matters will be sustained, so far as the findings go on the evidence before him, but I think it would be safer if the bankrupt were permitted to tender any evidence in support of the challenged defenses which she may have, and this even though it may ultimately have no probative force or effect.

It is to be doubted whether a defense tendered, which would be valid if supported by proof, may be stricken on motion as redundant, immaterial, impertinent, or scandalous, where evidence (even undisputed) must be considered to support the charges of the motion so characterizing the defenses.

The Court realizes the difficulty in dealing with matters which seem obviously unjustified and unwarranted, and calculated to impose obstacles and delay, nevertheless, the record on review, if one should be taken, ought to disclose a full opportunity to meet the issues of jurisdiction and bankruptcy upon a full hearing, rather than by a summary disposition on motion. This is not to say that the alleged bankrupt may be permitted to delay the hearing on adjudication. If she desires to present evidence, she should appear upon an early hearing date, to be fixed by the Referee, and present such evidence as she may have in respect of the questions raised by her answer. Orders of the Referee modified accordingly.