**MOORE v. C. A. OLSEN MFG. CO.**
Civil Action No. 21957.

District Court, N. D. Ohio, E. D.

Nov. 10, 1944.

M. E. Newcomer, of Cleveland, Ohio, for plaintiff.

Fauver & Fauver, of Elyria, Ohio, and Lawrence Broh-Kahn, of Cleveland, Ohio, for defendant.

JONES, District Judge.

On October 5, 1944, defendant filed a motion to strike sub-paragraphs (a) to (j) of Paragraph VI of the plaintiff's first cause of action, which set forth the reasons assigned by the Government Contracting Officer and the U. S. Area Engineer for the Portland, Oregon, area for the rejection of 116 furnaces fabricated and shipped by defendant at plaintiff's request to Camp Adair, Oregon, for the reason that they are "irrelevant, immaterial, incompetent and prejudicial."

Defendant says that the allegations are foreign to plaintiff's first cause of action for breach of contract since the only question is whether the furnaces, in fact, complied with the specifications; therefore, the grounds of rejection by the Government Contracting Officer and Area Engineer are irrelevant and incompetent.

Plaintiff argues that the allegations are pertinent to the issues raised by his first cause of action for the following reasons: (1) Since plaintiff alleged that defendant knew when he contracted to sell the furnaces that they were to be resold to subcontractors for installation in Government cantonment buildings at Camp Adair, defendant was charged with notice that the fur-

naces must meet U. S. Government Specification 3615E and would be subject to inspection and test by U. S. Army representatives at such cantonment; therefore the allegations in question are relevant. (2) The allegations are essential to a " 'clear and concise statement of the facts' " in the light of Paragraph VII of plaintiff's first cause of action which shows that plaintiff did not fail to exhaust any administrative remedies open to him. (3) As the testimony of the Area Engineer would be competent and admissible in evidence, the allegations are not prejudicial.

■ A motion to strike is authorized by Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. It seems, however, that such motions are not regarded with favor and that any doubt is resolved in favor of the pleading. In Hansen Packing Co. v. Armour & Co., D.C.N.Y.1936, 17 F.Supp. 784, District Judge Knox said (par. 9 of syllabus):

"Motions to strike paragraphs in complaint on ground that they are irrelevant, redundant, and prejudicial are not regarded with favor, and will be denied unless allegations have no possible relation to controversy or may prejudice defendant."

■ Here, it seems that defendant's motion should be denied. If, as is claimed by plaintiff, defendant was to manufacture and deliver furnaces which would pass inspection and test by U. S. Army representatives, striking the allegations would injure plaintiff as they would be relevant and material. On the other hand, if as claimed by defendant, the case rests on whether the furnaces, in fact, complied with the specifications, defendant would not be greatly prejudiced if the allegations in question are not stricken from plaintiff's Amended Complaint.

Motion denied and order may be entered accordingly.