60

## BOONE v. SOUTHERN RY. CO.
### No. 9138.

United States District Court
E. D. Pennsylvania.
March 29, 1949.

Joseph Weiner (of Freedman, Landy & Lorry), of Philadelphia, Pa., for plaintiff.

J. B. H. Carter (of Evans, Bayard & Frick), of Philadelphia, Pa., for defendant.

GANEY, District Judge.

Plaintiff, a citizen of Massachusetts, brought an action against the defendant, a corporation organized and existing under the laws of Virginia, for injuries allegedly sustained by her while the train on which she was a passenger was leaving Washington, D. C. enroute to Alexandria, Virginia. Defendant filed a motion under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to set aside service of summons for the asserted reason that it is not amenable to process in this state. Subsequently the plaintiff filed written interrogatories directed to the issue raised by the defendant's motion to which the defendant filed objections on two grounds. The first is that it is not an adverse party within the meaning of Rule 33. A court has jurisdiction over the persons and subject matter of an action until it rules to the contrary. United States v. Shipp, 203 U.S. 563, 573, 27 S.Ct. 165, 51 L.Ed. 319, 8 Ann. Cas., 265; United States v. United Mine Workers, 330 U.S. 258, 290–293, 67 S.Ct. 677, 91 L.Ed. 884. It follows, of course, that those named in the caption of the summons and complaint of an action are parties thereto within the meaning of the Rules until the court decides otherwise. Silk v. Sieling, D.C.E.D.Pa., 7 F.R.D. 576.

The other ground is that the interrogatories are such as would cause annoyance, expense, and oppression to the defendant without serving any relevant purpose to the issue of jurisdiction involved. Under the circumstances this ground is too general to be entertained by us. We will therefore overrule the objections and reserve to the defendant the right to make complaint to the particular question, stating its specific reason therefor, which it considers objectionable.