**ELECTRIC FURNACE CO. v. FIRE ASS'N OF PHILADELPHIA.**

Civ. No. 26107.

United States District Court
N. D. Ohio, E. D.

Nov. 4, 1949.

Jas. C. Davis, Squire, Sanders & Dempsey, Cleveland, Ohio, for plaintiff.

Robert C. McCreary, Jr., Leckie, McCreary, Schlitz & Hinslea, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

Plaintiff sues to enforce an insurance policy covering a furnace damaged by an explosion.

Several motions have been filed and they will be considered separately.

### Defendant's Objection to Plaintiff's Interrogatories.

Plaintiff served 10 interrogatories on defendant. Defendant objects to Interrogatory No. 7 which asks that copies of reports be attached to the answers. Plaintiff moves that defendant be ordered to comply with plaintiff's request.

It is sufficient to say that Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., does not provide for discovery and production of documents. That is the function of Rule 34.

Defendant's objection, therefore, must be sustained.

### Plaintiff's Request for Admissions.

Plaintiff has served defendant with a list of 13 items, lettered (a) through (m), the truth of which defendant is requested to admit. Defendant has admitted some of the facts but has refused to answer requests (b) and (i) and has referred plaintiff to the answers to the interrogatories for the answers to items (f), (k) and (l). Plaintiff moves that defendant be required to admit or deny all of these items and also item (m).

The purpose of Rule 36 is to expedite trial and to relieve parties of the cost of proving facts which will not be disputed on trial. While Rule 36 does not contain such a provision, it would seem that parties should not request admissions of controversial facts. 6 Cyclopedia of Federal Procedure, 2d Ed., 900. Defendant, therefore, will not be required to answer item (b). The matter contained in (b) is clearly one of the principal issues of the

case. See also Fidelity Trust Co. v. Village of Stickney, 7 Cir., 129 F.2d 506.

 Plaintiff contends that item (i) relates to a fact issue and defendant refuses to answer because (i) calls for an expression of opinion. It is at this time impossible to determine whether (i) relates to matters of fact or opinion. Since Rule 36 provides only for admission of facts, defendant should not now be required to admit something that may relate only to matters of opinion. If it later occurs that defendant has entered a sham objection to item (i), Rule 37(c) provides a proper remedy.

Items (f), (k) and (l) should be admitted or denied by defendant. There is authority that a request for admissions is improper when the admission has been covered by answers to interrogatories. Booth Fisheries Corp. v. General Foods Corp., D.C., 27 F.Supp. 268. There also is authority that, even if the party is acquainted with the facts as to which an admission is sought, he still may request admissions as to those facts. Hanauer, for Use of Wogahn, v. Siegel, D.C., 29 F.Supp. 329. Since Rule 36 was meant to expedite trial and relieve parties of the cost of proving facts which will not be disputed, the latter authority seems more reasonable. Rule 26(d) does not obviate the requirement of proof of the facts admitted in the answers to interrogatories. Plaintiff, therefore, is entitled to an admission which will accomplish the purpose of Rule 36.

Defendant has given a qualified admission to item (m) which is sufficient to satisfy Rule 36.

### Plaintiff's Motion to Strike.

In its answer defendant asserts as a second defense, that in issuing the policy, it relied on false representations of the plaintiff and that the policy, therefore, is void. Plaintiff in its interrogatory No. 8 asked defendant to give the exact wording of the representation, the name of the person by whom and when and where it was made. Defendant answered by saying it had insufficient information to form a belief as to these matters. Plaintiff now moves to strike the second defense as impertinent and scandalous because defendant could not rely on a representation about which it had insufficient information.

An examination of defendant's brief indicates that there is one possible explanation of the apparent inconsistency. Defendant has shown that it had good cause to believe a false representation was made, but that at this time it did not know the answers to plaintiff's interrogatory and that it was attempting to discover the answers itself for preparation of its own case. As long as there is a possibility that defendant pleaded its second defense in good faith and a legitimate issue may be raised thereunder, this motion to strike will be overruled—In the Matter of Miller, D.C., 9 F.R.D. 743. Moore v. C. A. Olsen Mfg. Co., D.C., 7 F.R.D. 269; this without prejudice to a renewal of the motion to strike, if defendant is unable to respond to interrogatory No. 8 at trial.