**LUMBERMEN'S MUTUAL CASUALTY COMPANY, Plaintiff,**

v.

**PISTORINO & COMPANY, Inc., Bowker Storage & Distributing Co., Inc., Harbor Terminals, Inc., Northern Terminals Inc., and Leon Cangiano, Defendants.**

Civ. A. No. 60–880–C.

United States District Court
D. Massachusetts.

June 20, 1961.

Roger P. Stokey, Goodwin, Procter & Hoar, Walker B. Comegys, Jr., Boston, Mass., for plaintiff.

Gabriel Piemonte, Boston, Mass., for Pistorino & Co., and others.

John Zamparelli, Medford, Mass., for Leon Cangiano.

CAFFREY, District Judge.

This is an action of contract. Plaintiff is a corporation organized under the laws of the State of Illinois. Each of the four corporate defendants is organized under the laws of the Commonwealth of Massachusetts and the individual defendant is a citizen of Massachusetts. It is alleged that the amount in contro-

versy exceeds $10,000 exclusive of interest and costs.

Basically the action involves the claimed right of the plaintiff to readjust certain insurance premiums allegedly due on workmen's compensation policies issued by plaintiff to the corporate defendants through the agency of the individual defendant, who is an insurance broker.

Each of the four corporate defendants has filed an identical set of interrogatories addressed to the plaintiff, and in each instance plaintiff has objected to Interrogatories numbered 3, 4, 6, and 8, upon the ground that these interrogatories, if complied with, would require plaintiff to furnish copies of documents to the four corporate defendants. The method for inspecting and copying documents is prescribed by Rule 34, Federal Rules of Civil Procedure, 28 U.S. C.A., and the rule contains a requirement that the party seeking production, inspection, and copying show good cause therefor. Rule 33 is not to be used to circumvent the requirement of showing good cause set forth in Rule 34. Plaintiff's objections to Interrogatories 3, 4, 6, and 8 in the four sets of interrogatories filed by the corporate defendants are upheld.

Plaintiff in each instance has also objected to Interrogatory 9, which requests that plaintiff "state in full detail the relationship of Leon Cangiano, one of the defendants in this action, to the plaintiff," on the ground that it is irrelevant and calls for plaintiff to set forth a legal conclusion. Plaintiff is directed to answer Interrogatory 9 to the extent that it can do so by reciting facts. It need not express any conclusion of law.

Plaintiff has objected to Interrogatory 11 in each of the four sets of interrogatories filed by the corporate defendants. The test of the scope of allowable interrogatories under Rule 33 is relevance, as defined in Rule 26. Defendants have failed to establish the relevance of Interrogatory 11 and plaintiff's objection thereto is upheld.

The individual defendant in this case has likewise filed interrogatories addressed to the plaintiff, and plaintiff has objected to Interrogatories numbered 2 and 3. This objection is overruled. Plaintiff may take the phrase "business dealings" as limited to contractual undertakings having reference to the issuance of insurance policies.

Plaintiff has also objected to the individual defendant's interrogatories numbered 11 and 12. The objection to Interrogatory 11 is overruled, and the objection to Interrogatory 12 is upheld.