**YOUNG SPRING & WIRE CORPORATION, a corporation, Plaintiff,**

v.

**AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, a corporation, et al., Defendants.**

Nos. 13897-4, 13898-4.

United States District Court
W. D. Missouri, W. D.

Feb. 14, 1963.

Watson, Ess, Marshall & Enggas, by James C. Logan, Kansas City, Mo., Alfred D. Edgerton, Beverly Hills, Cal., for plaintiff.

Stinson, Mag, Thomson, McEvers & Fizzell, by John C. Noonan, Kansas City, Mo., for American Guarantee & Liability Ins. Co. and Underwriters at Lloyd's, London.

Smith, Schwegler & Swartzman, by George M. Winger, Kansas City, Mo., for W. B. Brandt & Co., Inc.

Fiedler & Amberg, Chicago, Ill., for American Guarantee & Liability Ins. Co.

BECKER, District Judge.

This action was originally filed in the Circuit Court of Jackson County, Missouri, at Independence. It was removed to this Court on petition of the defendant W. B. Brandt & Co., Inc., a corporation. The plaintiff has filed a motion to remand to the Circuit Court of Jackson County, Missouri. The plaintiff has also filed objections to interrogatories propounded by the defendant W. B. Brandt & Co., Inc.

By stipulation of counsel approved by the Court, the time within which the defendants American Guarantee & Liability Insurance Company and W. B. Brandt & Co., Inc., may file suggestions in opposition to the plaintiff's motion to remand has been extended to two weeks following the entry by the Court of a ruling upon plaintiff's objections to interrogatories propounded by W. B. Brandt & Co., Inc., and the filing of answers to said interrogatories, if any are required. Therefore, it would be inappropriate to rule upon the motion to remand until the motion is submitted following the ruling on objections to interrogatories.

## THE COMPLAINT

In the original petition filed before removal, the plaintiff corporation stated that it was incorporated under the laws of Michigan and had its principal place of business in the State of California. Before removal plaintiff filed a "First Amended Petition" in which it was averred that the location of its principal place of business was in the State of Illinois (plaintiff's counsel now state that the original averment that its principal place of business was in the State of California was an inadvertent mistake).

The first amended petition avers that the defendant American Guarantee & Liability Insurance Company was incorporated under the laws of the State of New York and had its home office and principal place of business in the State of Illinois.

In Count I of the amended petition the plaintiff seeks to recover from the defendant American Guarantee & Liability Insurance Company upon a comprehensive dishonesty, disappearance and destruction policy insuring the plaintiff against loss through any fraudulent or dishonest acts committed by any of plaintiff's employees in an amount not to exceed $100,000.

In Count II plaintiff seeks to recover from W. B. Brandt & Co., Inc., and Underwriters at Lloyd's, London, upon a certificate of insurance providing insurance coverage in the amount of $200,000 in excess of the primary coverage of $100,000 referred to in Count I, against loss by reason of the dishonesty of any or all of its employees. In this count it is charged that W. B. Brandt & Co., Inc., executed on behalf of the Underwriters at Lloyd's the certificate of insurance issued for the Underwriters at Lloyd's and caused it to be delivered to the plaintiff, agreeing and warranting to the plaintiff that the Underwriters at Lloyd's would indemnify plaintiff against loss sustained by reason of the dishonesty of any or all of its employees. It is further stated therein that Lloyd's are contending that under the terms of their undertaking with W. B. Brandt & Co., Inc., no indemnity need be paid because (1) plaintiff's dishonest employees failed to realize pecuniary gain from their acts of dishonesty, and (2) that the primary insurer, American Guarantee & Liability Insurance Company has refused to recognize its liability as primary carrier. It is further charged therein that no such express exemptions from liability are provided for in the certificate issued by W. B. Brandt for Lloyd's, and that if the Underwriters at Lloyd's did so limit their undertaking with respect to the certificate, then W. B. Brandt & Co. has misrepresented the nature of the undertaking of Lloyd's, has warranted the nature of the undertaking of Lloyd's, and is liable for breach of representation and warranty.

This claim against W. B. Brandt & Co., Inc., is, in effect, a hypothetical or alternative claim which is permissible under Rule 8(e) (2) of the Federal Rules of Civil Procedure.

In this count it is averred that W. B. Brandt & Co., Inc., is a corporation organized under the laws of the State of California and having its principal office in the State of California. There is no averment about the residence of the individual underwriters at Lloyd's except the description of the group as "Underwriters at Lloyd's, London." There is no claim by any of the parties that the Underwriters at Lloyd's or any of them have their residence or domicile in any of the United States.

In Count III of the amended petition, the plaintiff seeks recovery against Underwriters at Lloyd's upon a second certificate executed on behalf of Lloyd's by W. B. Brandt & Co., Inc., providing insurance coverage in the amount of $200,000 in excess of $300,000 for all such loss as the plaintiff may sustain by reason of the dishonesty of any or all of its employees. In Count III, as in Count II, it is charged that the Underwriters at Lloyd's are claiming that under the terms of their undertaking with W. B. Brandt

& Co., Inc., no indemnity need be paid upon the certificate (1) because plaintiff's dishonest employees did not realize any pecuniary gains from the acts of dishonesty, and (2) for the reason that defendant American Guarantee & Liability Insurance Company has refused to recognize its liability as primary carrier. As in Count II it is averred that no such express exemptions from indemnity are provided for by the certificate; that if in fact the Underwriters at Lloyd's did so limit their undertaking with respect to the certificate as they claim, then the defendant W. B. Brandt & Co., Inc., has incorrectly warranted and represented the true nature of the undertaking to the plaintiff and is liable for breach of its representations, warranties and its agreement to procure indemnity according to the tenor of the certificate actually issued.

In each of the counts it is averred as a predicate of liability that during the years 1959 and 1960 the plaintiff's equipment division employees dishonestly shipped numerous items of equipment totaling approximately $1,000,000 invoice price to purported buyers contrary to plaintiff's policy and method of doing business, and falsified the record to reflect *bona fide* sales, when in fact no such sales had been made. It is claimed that these acts were fraudulent and dishonest and covered by the policies and certificates of insurance involved in the three separate counts.

### THE INTERROGATORIES, OBJECTIONS AND RULINGS

Defendant W. B. Brandt & Co., Inc., has propounded to the plaintiff 30 numbered interrogatories.

■ The first objection is to paragraphs (a) to (h) inclusive of Interrogatory No. 5. This interrogatory seeks the name and business address of directors and officers of plaintiff's corporation. Plaintiff objects that the information sought is irrelevant and that the interrogatory does not specify by dates or otherwise the years concerning which the information is sought. In the absence of any specification, the interrogatories should be construed to seek current information as of the time the interrogatories are propounded and as of the time the interrogatories are answered. So construed, the inquiry appears to be relevant, and plaintiff's objection to paragraphs (a) to (h) inclusive of Interrogatory No. 5 will be overruled.

■ The second objection is to Interrogatories No. 8 to 11, inclusive, and Interrogatories No. 13 to 24, inclusive, "insofar as said interrogatories request information concerning subsidiaries and other corporations affiliated with the plaintiff." The ground of objection is that information concerning these affiliated companies is in no way relevant to any issue before the Court and could not aid in the discovery of any evidence admissible in the present action. It cannot be said that the information sought by these interrogatories is irrelevant either on the issue of removability of this case or upon the merits of this action. Since the information sought by Interrogatories No. 8 to 11, inclusive, may lead to the discovery of admissible evidence, these interrogatories should be answered. Therefore, the objection to Interrogatories 8 to 11, inclusive, will be overruled.

■ Interrogatories No. 13 to 24, inclusive, seek detailed information concerning the management, executive and accounting operations of the plaintiff company with respect to affiliated companies. The information sought appears to be calculated to lead to the discovery of admissible evidence relevant to the issue of removability and perhaps to the merits. Therefore, the objection to Interrogatories No. 13 to 24, inclusive, will be overruled.

■ In its third objection, plaintiff objects to Interrogatories No. 29 and 30 on the ground that these interrogatories are in no way relevant to any issue before the Court and could not conceivably aid

in the discovery of evidence admissible in the present action.

Interrogatory No. 29 is as follows:

"29. At what addresses other than the one indicated in your answer to Interrogatory numbered 28 have the executive offices of the plaintiff been located during the last fifteen years?"

This interrogatory, requesting information for the past 15 years, appears to seek irrelevant as well as relevant information. The plaintiff will be required to answer the interrogatory only as to the years involved in this action and in the question of removability, which are the years 1959 to June 1, 1962, inclusive. This will cover the years in which the losses are alleged to have been sustained and the years in which the action and the petition for removal were filed. Information concerning the year 1961 is included as it may lead to the discovery of some evidence admissible upon the issue of removability. Therefore, the objection to Interrogatory No. 29 will be sustained insofar as it seeks information for the year 1958 and earlier years. As to the years 1959 to 1962, inclusive, it will be overruled.

Interrogatory No. 30 is as follows:

"30. Please state the dates during which the executive offices were located at the addresses indicated in your answer to Interrogatory numbered 22."

Interrogatory No. 22 and Interrogatory No. 21 to which it refers are as follows:

"21. Are there any limits on expenditures which may be made by any individual plant either for business purposes or otherwise?"

"22. If your answer to the immediately preceding Interrogatory is in the affirmative, state the dollar amount on expenditure limitations and where (i. e. the address of the office) to which requests for approval of any expenditure in excess of the limitation so indicated must be made."

Interrogatories No. 21 and 22 should be construed to relate to the time the interrogatories are propounded and the time the interrogatories are answered. Interrogatory No. 30 should be answered to give definite meaning to the answer to Interrogatory No. 22. Therefore, the objection to Interrogatory No. 30 be overruled.

The fourth objection to the interrogatories is a general one stating that the answers to the interrogatories would be unduly and unfairly burdensome to the plaintiff and would entail undue hardship and expense.

Since this case involves claims for $500,000 penalties and attorneys fees, and since the information requested by these interrogatories may facilitate the disposition of this litigation, either favorably or unfavorably to the plaintiff, and since the information sought is of the type that is peculiarly within the knowledge of the plaintiff, the objection that the interrogatories as a whole are burdensome will be overruled. Such general objections are not favored in any event. Therefore, it is

ORDERED that all objections to the interrogatories propounded by the defendant W. D. Brandt & Co., Inc., to plaintiff except the *objection to Interrogatory 29 as it seeks information for the years 1959 and earlier years*, be, and the same are hereby, overruled. It is further

ORDERED that the objection to Interrogatory 29 insofar as it seeks information for the years 1958 and earlier years be, and the same is hereby, sustained.