**C. Albert PECK, Plaintiff,**

v.

**Salvadore CLESI et al., Defendants.**
**Civ. A. No. C 62–889.**

United States District Court
N. D. Ohio, E. D.
Sept. 4, 1963.

Richard T. Reminger (of Reminger & Reminger), Cleveland, Ohio, for plaintiff.

George W. Stuhldreher (of Hauxhurst Sharp, Cull & Kellogg), Cleveland, Ohio, for defendants.

KALBFLEISCH, District Judge.

Plaintiff has sued to recover for injuries and damages allegedly resulting from an automobile accident in which the defendants were involved. The plaintiff submitted twenty-four requests for admissions pursuant to Rule 36, Federal Rules of Civil Procedure. The defendants admitted three of the requests, and have filed objections to the remainder.

In regard to the proper use of Rule 36, Professor Moore has said: "As pointed out earlier, the procedure for obtaining admissions of fact should be used to obtain admission of facts as to which there is no real dispute and which the adverse party can admit cleanly, without qualifications. * * * It is not intended to be used to cover the entire case and every item of evidence." 4 Moore's Federal Practice, P. 36.04. To the same effect see Electric Furnace Co. v. Fire Assng. of Philadelphia, 9 F.R.D. 741 (N.D.Ohio E.D.1949); and Lantz v. New York Central Railroad Co., 37 F.R.D. 69 (N.D.Ohio E.D.1963, Kalbfleisch, J.).

*Requests Nos. 1, 21 and 24:* The objections will be sustained. Pittsburgh Hotels Assoc. v. Urban Redevelopment Authority of Pittsburgh, 29 F.R.D. 512 (1962 W.D. Penna.); Lantz v. New York Central Railroad Co., supra.

*Requests Nos. 4, 6, 7, 8, 9, 10, 11 and 12:* These requests seek admissions as to facts surrounding the accident which appear to be the major areas of dispute between the parties. A request for admissions as to disputed facts appears to be nothing more than an attempt by one party, in anticipation of a favorable verdict at trial, to lay a foundation for transferring to the other party a large part of the costs of the lawsuit, pursuant to Rule 37(c), Federal Rules of Civil Procedure. Such an attempt will not be permitted. Lantz v. New York Central Railroad Co., supra. The objections to these requests will be sustained.

*Requests Nos. 13, 14, 15, 16, 17, 18, 19, 20, 22 and 23:* Each of these requests concerns an admission as to the plaintiff's health and general physical condition, except for the 23rd request which pertains to the plaintiff's loss of wages.

■ The complaint in this case was filed on December 27, 1962. Answers of the defendants were not filed until March 12, 1963. The Clerk has informed the Court that the case cannot possibly go to trial before October of this year. In view of the common practice before it, the Court notes that it is probable that discovery as to the physical condition and loss of wages of the plaintiff has not yet been completed. If admissions can be made as to these facts the progress of the trial can be greatly expedited, in accord with the purpose of Rule 36. See 4 Moore's Federal Practice, P. 36.02. However, defendants may not be in a position at this time to fairly respond to these requests, although normal preparation for trial will place them in such a position at a later time. The interests of both parties would appear to be best served by an order that response will be made to these requests before commencement of trial. It will be so ordered.