Harvey WEDDING, Plaintiff,

v.

TALLANT TRANSFER COMPANY, Inc., Defendant.

Civ. A. No. C 62–289.

United States District Court
N. D. Ohio, E. D.

Sept. 16, 1963.

4, 1963. Each motion will be considered separately.

 I. Defendant's Motion of January 2, 1963, to Require Further Answers to Interrogatories.

■ Interrogatory No. 2: The plaintiff will furnish the name of the hospital and the year of the confinement.

Interrogatory No. 3(d): The plaintiff will furnish the requested information concerning his "specific duties and areas of responsibility."

Interrogatory No. 6(c): The plaintiff will furnish a further answer to this interrogatory as requested by the defendant.

■ Interrogatories Nos. 7 and 8: No. 7 asks whether the plaintiff has ever been convicted of a crime. No. 8 asks for specifications if No. 7 is answered affirmatively. Plaintiff responded that he had never been convictd of a felony or of a crime involving moral turpitude. Defendant should not be required to accept the plaintiff's characterization of any crimes of which he may have been convicted. Plaintiff will answer the interrogatory as propounded, except that for convenience he may omit minor traffic offenses. Rule 33, Federal Rules of Civil Procedure. Henderson v. United States, 202 F.2d 400, 405 (C.A.6, 1953).

 II. Defendant's Objections of March 14, 1963, to Plaintiff's Interrogatories.

Interrogatory No. 18: Defendant objects that this interrogatory is irrelevant. However, an answer thereto may reasonably be expected "to lead to the discovery of admissible evidence." Rule 26, Federal Rules of Civil Procedure. The defendant will answer the interrogatory as propounded.

Interrogatory No. 22: Defendant will respond to this interrogatory as propounded.

Interrogatory No. 23: "If the answer to Interrogatory No. 21 is 'written,' attach a copy of said written agreement."

Sam Komito and Robert Sampliner, Cleveland, Ohio, for plaintiff.

Russell E. Leasure, Cleveland, Ohio, for defendant.

KALBFLEISCH, District Judge.

This is a personal injury action. There are, at the present time, five different disputes between the plaintiff and the defendant concerning discovery. The record shows that although the first motion was at issue on January 19, 1963, there was an agreement to postpone the ruling until the pretrial of the case in March. The record also shows that none of these motions were submitted to a court for determination until September

The defendant's objection to this interrogatory is sustained. To obtain copies of documents it is necessary that the party seeking the documents should proceed under Rule 34, Federal Rules of Civil Procedure, and make a sufficient showing of good cause. Harvey v. Levine, D.C., 25 F.R.D. 15 (1960); Aerojet-General Corp. v. Aero-Jet Products Corp. and Plasti-Kote, Inc., 33 F.R.D. 357 (U.S.D.C., N.D.Ohio, E.D., 1963, Kalbfleisch, J.)

Interrogatory No. 32: The defendant's objections to this interrogatory are overruled, except that it need not provide "the details in full of the accident report itself." Such a request is too indefinite.

Interrogatories Nos. 46 and 47: Plaintiff seeks the identification of all witnesses who will be called to testify, the substance of their testimony, and the identity and description of each document which will be offered in support of defendant's case. This Court has consistently ruled that such interrogatories are improper. When proceedings are being conducted under Rule 33, it is the parties and not their attorneys of whom inquiry is being made. Therefore, information pertaining to the development of the trial of the case is not the proper subject for interrogatories. Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635 (1949); United States v. Owens-Illinois Glass Co., 25 F.R.Serv. 33.31 (1957); United States v. Selby, D.C., 25 F.R.D. 12 (1960); and The Cooper-Bessemer Corp. v. Marathon Electric Manufacturing Corp. (U.S.D.C., N.D.Ohio, E.D., 1963, Kalbfleisch, J.).

The objections will be sustained.

III. Defendant's Objections of March 12, 1963, to Plaintiff's Request for Admission of Facts and Genuineness of Documents.

Admission No. 1: Plaintiff requests an admission that two written statements are genuine documents. Defendant contends that the request is improper because it was not accompanied by an exhibit of the original documents at the time the request was served, nor have such documents been exhibited since that time. Defendant does not allege that it requested to see the original documents. The request for admissions was accompanied by what appear to be photostatic copies of the documents.

Professor Moore says that when:

"* * * a party is seeking an admission of the genuineness of an original document, he describes it in the request, annexes a copy of the document thereto, if a copy has not already been furnished, and exhibits the original document to his adversary at the time the request is served. After the adversary has inspected the original document, the party exhibiting it may take it back with him, but upon reasonable notice must produce it again for inspection by his adversary at any time within the period designated in the request as the period within which his adversary must admit or deny the genuineness of the document." 4 Moore's Federal Practice 2708.

Professor Moore cites no authority to support this statement. Rule 36, Federal Rules of Civil Procedure, provides merely that "Copies of the documents shall be served with the request unless copies have already been furnished."

It thus appears that Professor Moore's requirement that the original document be exhibited at the time the request is served is in addition to any specific requirements that are called for by Rule 36, Federal Rules of Civil Procedure. Whatever might be the tactical wisdom of following a procedure such as Professor Moore suggests, the Court is unwilling, in the absence of Rule or Court authority, to engraft such an additional requirement onto the Rule as a mandatory part thereof.

If the party upon whom the request for admission is made believes that he cannot make such an admission because he is

unable to compare the exhibited copy with the original, he can answer the request merely by so stating, because Rule 36 provides that response can be made by "setting forth in detail the reasons why he cannot truthfully admit or deny those matters * * *." It is of course to be hoped that most of such trial preparation will be handled privately by counsel, in order that the courts will not be overburdened with the consideration of such matters. Inevitably when counsel rely on the courts to be constant arbiters of their trial preparation problems their client's cause is delayed, because a court can never act upon such matters with the expedition that attorneys acting on their own can achieve, and there is, in addition, a resulting congestion of the general docket.

The defendant's objection to the first requested admission will be overruled.

 Admission No. 2: The defendant contends that the facts sought in this admission are in dispute between the parties. This Court has held that requests which seek admissions regarding the facts of an accident which appear to be in dispute between the parties are objectionable. Peck v. Clesi et al., 37 F.R.D. 11 (U.S.D.C., N.D.Ohio, E.D., 1963, Kalbfleisch, J.); Raymond Lantz v. New York Central Railroad Co., 37 F.R.D. 69 (U.S.D.C., N.D.Ohio, E.D., 1963, Kalbfleisch, J.). The objection will be sustained.

IV. Plaintiff's Objection of May 18, 1963, to Defendant's Interrogatories.

The objection will be overruled.

V. Plaintiff's Motion of May 28, 1963, to Require Further Answers to Interrogatories.

Interrogatories Nos. 10, 12, 13, 14 and 27: These first four interrogatories pertain to whether the truck in question was being operated on behalf of the defendant. No. 27 inquires how long the truck was stopped at the intersection. Defendant replied to each of these interrogatories that it did not, at the time of the response to the interrogatory, have sufficient information to provide an answer. A perusal of the interrogatories indicates that they lack the common request that they be continuing.

As this Court recently commented, "The full, complete and timely response to interrogatories is largely dependent upon the integrity of counsel." Conrad's, Inc. v. Bobbie Brooks, Inc., (U.S.D.C., N.D.Ohio, E.D., 1963, C–62–689, Kalbfleisch, J.). When an attorney represents in a paper before the Court that he does not have certain information, the Court assumes that representation to be true. And in this case it appears that the information sought is in dispute, so that positive answers could not have been given at the time of the response. Defendant will furnish answers to these interrogatories not later than the pretrial date.