**WESTINGHOUSE CREDIT CORPORA-TION, a Delaware corporation, Plaintiff,**

v.

**MOUNTAIN STATES MINING AND MILLING COMPANY, a Colorado corporation, et al., Defendants.**

**Civ. A. No. 8679.**

United States District Court
D. Colorado.

April 9, 1965.

Davis, Graham & Stubbs, Thomas S. Nichols, Denver, Colo., for plaintiff.

Trott, Kunstle & O'Leary, Colorado Springs, Colo., for defendants James Green and Emma Jo Green.

Willard H. Freeman, Denver, Colo., for defendants Mountain States Min. & Mill. Co., Donald D. Coleman, Mrs. D. D. Coleman, H. K. Gilliland, and Mrs. H. K. Gilliland.

DOYLE, District Judge.

Plaintiff, Westinghouse Credit Corporation, a subsidiary of Westinghouse Electric Corporation, has objected to one of several interrogatories directed to it by defendants James Green and Emma Jo Green. A brief hearing was had on the objection in January, at which time it was agreed that a ruling would be made on the basis of written memoranda submitted simultaneously by the parties. Such briefs are now before the Court.

The objection is to interrogatory number 6. That interrogatory, as were the others, was served upon and directed to the plaintiff but seeks information regarding the employment of Coleman Electric Company or Donald D. Coleman by Westinghouse *Electric* and the details of "all sales made by Westinghouse Corporation during the past five years to third parties of goods, wares, or merchandise, which sales were obtained" by Coleman Electric or Donald Coleman. It also seeks information regarding all commissions or compensations paid pursuant to those sales.

First, it is contended that the information called for is available only from a corporation which is not a party to this action; that interrogatories may not be served upon or directed to non-parties. Second, it is claimed that the information sought has no relationship or bearing upon the issues presented by the complaint and answers.

Rule 33 provides that written interrogatories may be served upon "any adverse party," and if in the case at bar the interrogatory had been *served* upon

Westinghouse Electric, the parent, the information would have been discoverable. Holland v. Minneapolis-Honeywell, 28 F.R.D. 595 (D.C.1961), and Boone v. Southern Railway, 9 F.R.D. 60 (E.D.Pa. 1941). However, the interrogatory was instead directed to Westinghouse Credit Corporation, the subsidiary and party to this action. It seeks information held by and regarding the affairs of the parent. Thus, the issue is different than that in Boone. The question here is whether information concerning the parent can be obtained from the subsidiary.

Plaintiff contends that a party is not required to investigate another corporation. Stanzler v. Loew's Theatre & Realty Corp., 19 F.R.D. 286 (R.I.1955) and Savannah Theatre Co. v. Lucas & Jenkins, 10 F.R.D. 461 (N.D.Ga.1943). The rule as plaintiff states it is unnecessarily broad. See: Erone Corp. v. Skouras Theatres Corp., 22 F.R.D. 494 (S.D.N.Y.1958), at 498, n. 4. The majority interpretation of Rule 33 requires that a corporation furnish such information as is available from the corporation itself *or from sources under its control.* Greenbie v. Noble, 18 F.R.D. 414 (S.D.N.Y.1955); Erone Corp. v. Skouras Theatres Corp., supra; Young Spring & Wire Corp v. American Guarantee & Liability Ins. Co., 32 F.R.D. 345 (W.D. Mo.1963); Hornug v. Eastern Auto, 11 F.R.D. 300 (N.D.Ohio 1951), and see 4 Moore's Federal Practice, 2d Ed., 2331. Those cases, and others, are to the effect that when the parent is served with an interrogatory, it is no defense to claim that the information is within the possession of a wholly owned subsidiary, because such a corporation is owned and controlled by the interrogee.

■ We are not here called upon to decide whether the parent must in all circumstances furnish information in the possession of a subsidiary. It is sufficient to conclude that since a subsidiary does not control the parent it is not re-

quired to furnish information held by the latter.

■ The objection of the plaintiff should be and the same is, hereby sustained.