Frances GREENE and Walter T. Greene, Plaintiffs,

v.

Jay L. RAYMOND, Individually and doing business as Kearney Standard Service, the American Oil Company, a Maryland corporation and Standard Oil Company, an Indiana corporation, Defendants.

Civ. A. No. 66–C–220.

United States District Court
D. Colorado.

Sept. 6, 1966.

Robert Leland Johnson, Denver, Colo., for plaintiffs.

Earl H. Johnson, Denver, Colo., for defendant Jay L. Raymond.

Robert Montgomery, Denver, Colo., for defendants Standard Oil Co. and American Oil Co.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

The plaintiffs, pursuant to Rule 33, Federal Rules of Civil Procedure, have submitted 131 interrogatories to the defendant Standard Oil Company. Defendant has objected to each and every interrogatory but has made a few concessions by supplemental letter. There have been oral arguments and the matter stands submitted.

The action is for damages resulting from the alleged negligent conduct of an agent, servant, or employee of the defendants, American Oil Company and Standard Oil Company. Seemingly, the defendant service station allowed a coca-cola bottle to come into contact with the accelerator of a motor vehicle. Jurisdiction is founded on diversity of citizenship and requisite amount. The case is at issue and discovery has proceeded mainly through the use of interrogatories.

Those in question at this time seek to determine the true relationship of the party defendants to one another. This, apparently, in the hope that a legal relationship will be disclosed making possible the ultimate liability of defendant Standard Oil Company. To this end many interrogatories seek information as to the joint operation, control, ownership, management, and business objectives of Standard Oil Company and American Oil Company. Others attempt to establish the relation of Jay L. Raymond to Standard Oil. Still other interrogatories appear to be disassociated from either of these inquiries.

It is to be observed at the outset that the interrogatories here in question are largely disproportionately broad and demanding. They are not geared to the object sought and examination of them has been an onerous burden.

We recognize, of course, that the rules for pretrial discovery are to be liberally construed; nevertheless, they are not without limit. See Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946). Rule 33 does not license the unlimited quizzing of an adverse party. See, e. g., Bell v. Swift and Co., 5 Cir. 1960, 283 F.2d 407; Newell v. Phillips Petroleum Co., 10 Cir. 1944, 144 F.2d 338; Westinghouse Credit Corp. v. Mountain States Mining and Milling Co., D.Colo.1965, 37 F.R.D. 348; and Stonybrook Tenants Ass'n, Inc. v. Albert, D.Conn.1961, 29 F.R.D. 165. These cases, and others, recognize the discretion of the trial court in allowing or denying the proposed interrogation. It is the court's duty to determine whether the interrogatories comply with the relevancy tests found in Rule 26(b) and specifically incorporated into Rule 33. Only after the interrogatories have been found to be relevant should the court

**14**

order them to be answered. See Bowles v. Safeway Stores, D.Mo.1945, 4 F.R.D. 469.

■■ Relevancy is the principal inquiry for general objections that the interrogatories are burdensome or onerous to answer, too many in number, or related to matter immaterial to any issue raised by the pleadings are usually held to be insufficient. See Kainz v. Anheuser-Busch, Inc., N.D.Ill.1954, 15 F. R.D. 242; Shrader v. Reed, D.Neb.1951, 11 F.R.D. 367; and Hoffman v. Wilson Line, Inc., E.D.Pa.1946, 7 F.R.D. 73. However, objections of undue burden and expense have been sustained where the court was impressed that the research required would be particularly time consuming and expensive and the value to be derived is relatively minimal. See Tivoli Realty v. Paramount Pictures, D.Del.1950, 10 F.R.D. 201, and Cinema Amusements v. Loew's, Inc., D.Del.1947, 7 F.R.D. 318. Even more frequently, interrogatories too indefinite or all-inclusive have been struck down. See Wedding v. Tallant Transfer Co., D. Ohio, 1963, 37 F.R.D. 8; Stovall v. Gulf & South Am. S. S. Co., D.Tex.1961, 30 F.R.D. 152; and Webster Motor Car Co. v. Packard Motor Car Co., D.D.C. 1955, 16 F.R.D. 350. Such inquiries, too broad in scope, are regarded as irrelevant.

The pleadings indicate that Standard Oil's involvement in the present controversy can only be predicated on its relationship to Jay L. Raymond or American Oil Company. The plaintiffs allege that Jay L. Raymond is an agent, servant or employee of Standard Oil and that American Oil Company is a wholly-owned subsidiary of Standard Oil. (The latter allegation is admitted by Standard's counsel in the objections to interrogatories). The plaintiffs further suggest that American Oil is a mere instrumentality, in effect a puppet, of Standard Oil Company. This theory suggests the relationship between the two corporations is so closely interwoven that American Oil does not exist autonomously from its parent corporation.

■ Matters bearing on these relationships are relevant within the meaning of Rule 26(b). That rule, which limits the scope of examination to "any matter, * * *, which is relevant to the subject matter involved in the pending action," or which "appears reasonably calculated to lead to the discovery of admissible evidence," is satisfied where the relationships, if established, would have a substantial effect on the outcome of the case. See Lumbermen's Mutual Casualty Co. v. Pistorino & Co., Inc., D.Mass.1961, 28 F.R.D. 1, and Boldizzoni v. Canvas Glove Mfg. Works, Inc., E.D.N.Y.1941, 5 F.R.Serv. 33.319, Case 1.

Applying these principles to plaintiff's interrogatories we find that the bulk of them cannot be sustained. Notwithstanding other objections, the plaintiffs have failed to limit their requests in any reasonable way. This deficiency exists in most of the interrogatories which might otherwise be relevant under the test noted above. Certain restrictions and limitations must therefore be made to limit the plaintiffs' quest for irrelevant as well as relevant information to a search with a narrower objective. See Young Spring and Wire Corp. v. American Guarantee and Liability Ins. Co., W.D.Mo.1963, 32 F.R.D. 345, which is an example of the use of discretion to restrict a far reaching interrogation to a relevant one.

■ Most notable is the restriction on the period of inquiry. All of the interrogatories allowed should be restricted in scope to the state of facts existing on January 11, 1962, the date plaintiffs' cause of action accrued. This is the date on which the relationships must be shown to have been in existence under plaintiffs' suggested theories of liability. Evidence dated prior to or after that date would be of little probative value and would be irrelevant to the state of the relationships as of January

11, 1962. Many interrogatories are couched in language difficult to answer as limited here, i.e., information is solicited about past transactions, methods of operation, and relationships which may or may not have been in force on January 11, 1962. In such instances an answer will be deemed sufficient if it discloses the transactions or operations in effect or existence on January 11, 1962, and the relationships existing at that time.

Other interrogatories are restricted by striking requests for information relative to Standard's "agents, servants, and employees." It is obvious that the activities or relationship of an officer or director with another corporation might be relevant since corporations exist rationally on through such individuals. Generally, however, an agent, servant, or employee would not have the capacity to affect or effect the status or relationship of a corporation, and an inquiry directed to such a person's conduct or involvement would not be relevant.

The following interrogatories, as limited and restricted, are relevant, and as to them the defendant's objections must be overruled: Interrogatories numbers 1, excluding parts (a) to (e); 3, limited to the business dealings of officers and directors; 6; 9 through and including 12; 15, limited to officers or directors working for Standard on January 11, 1962, and to agents, servants, or employees jointly employed by Standard Oil and American Oil on January 11, 1962; 16 and 17; 19 to 22, inclusive, and limited to the year 1962; 25; 27 through and including 34.

Interrogation of Standard Oil respecting its relationship with defendant Jay L. Raymond, alleged to have been doing business as Kearney Standard Service, should also be allowed. Therefore, objections to interrogatories numbers 79 to 87, 89 to 94, and 103 are also overruled insofar as these interrogatories relate to agreements, contracts, and other relationships in force and existing on January 11, 1962.

Interrogatories 98 to 100, 120 and 121 refer to the insurance coverage of the defendant Standard Oil Company. The objections to these are overruled. See Lucas v. District Court, 140 Colo. 510, 345 P.2d 1064 (1959).

Interrogatory number 130 solicits certain information relative to the person or persons answering these interrogatories for the corporation. This inquiry may have probative value and, as to it, defendant's objections must be overruled.

Accordingly, defendant's objections to the remaining interrogatories must be sustained. Specifically, interrogatories "a" through "e" of number 1 are irrelevant to the relationship between Standard Oil and American Oil as it existed on January 11, 1962, and the same is true of numbers 4, 5, 7, 8, 13, 14, 18, 23, 24 and 26. Number 2, to the extent it is relevant, duplicates number 22, which was allowed. Interrogatories numbers 35 to 78, 95 to 97, 101, 102, 104, 105, 107 to 119, and 122 to 129 relate to the general business activities of Standard Oil Company and are not restricted in any way to the relevant relationships noted above. It would appear that only by the merest coincidence would relevant information be disclosed in such a broad inquiry. Indeed, many questions in this category duplicate subject matter covered in many of the relevant interrogatories allowed. Finally, interrogatory number 88 is too broad in scope and can not be considered relevant, number 106 is unintelligible; and 131 will not provide any relevant information in addition to that disclosed by interrogatory number 130.

For the above reasons, it is

Ordered, that defendant's objections to plaintiffs' interrogatories (Set #1) to Standard Oil Company be, and hereby are, sustained in accordance with this opinion.