[Civ. No. 38004. Second Dist., Div. Four. June 25, 1971.]

VOLKSWAGEN OF AMERICA, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
DAVID HYATT et al., Real Parties in Interest.

**COUNSEL**

Murchison, Cumming, Baker & Velpmen, Robert M. Schreiber, Michael D. McEvoy and Henry F. Walker for Petitioner.

No appearance for Respondent.

Harney, Ford & Schlottman, Robert E. Ford and David M. Harney for Real Parties in Interest.

**OPINION**

**DUNN, J.**—On March 19, 1971, we issued an alternative writ to respondent court, directing it to show cause why its order of December 17, 1970 (as modified February 9, 1971), striking petitioner's answer to the com-

plaint filed by Hyatt[1] (real party in interest), should not be annulled. We have now determined that a peremptory writ of prohibition should issue. (*Lund* v. *Superior Court* (1964) 61 Cal.2d 698, 708-710 [39 Cal.Rptr. 891, 394 P.2d 707].)

On February 24, 1970, Hyatt filed in respondent court a complaint for personal injuries and wrongful death, and in March 1970 Volkswagen of America, Inc. (VWOA) filed its answer thereto. On July 21, 1970, Hyatt served on petitioner VWOA a notice of taking depositions of Frederick Goes and Kurt Goebel, two employees of Volkswagenwerk, A.G. (VWAG), to be taken orally on August 31 and September 1 and 2, 1970, in the offices of the American Consulate General in Hamburg, Federal Republic of (West) Germany. Neither the petitioner's attorneys nor the witnesses appeared; Hyatt's motion (under Code Civ. Proc., § 2034) to strike the answer of petitioner, VWOA, was heard in December resulting in the order of December 17, 1970, already mentioned. Petitioner's motion to vacate the order was denied.

The record clearly reflects that Volkswagen of America, Inc. (VWOA) is a New Jersey corporation with its offices and principal place of business in that state. Volkswagenwerk, A.G. (VWAG), a West German corporation, owns all of the issued and outstanding stock of VWOA but the latter corporation operates as a distinct and separate entity, engaged in purchasing from VWAG and importing into the United States, Volkswagen vehicles, parts and accessories and selling them to regional distributors.

Pursuant to Code of Civil Procedure section 2019, one party may take the deposition "of a party to the record" without serving a subpena if proper notice is given. The statute extends this right to the taking of the deposition of "an officer, director or managing agent of any such party." Messrs. Goes and Goebel are not, nor is it claimed that they are, officers, directors, managing agents or even employees of VWOA. They reside in Wolfsburg, West Germany, where Goes "is the engineer in charge of testing Volkswagen vehicles for Volkswagenwerk, A.G."; Goebel "is the engineer in charge of vehicle stability and crashworthiness" for the same employer. No other statement or showing as to their capacities was made by Hyatt.

There was no showing the witnesses were employees of petitioner,

---

[1]David Hyatt filed suit indivdually and as guardian ad litem of three minor plaintiffs, together with two other plaintiffs. Since the interests of all in the discovery proceedings are coextensive and since all plaintiffs are surnamed Hyatt we, for convenience of discussion, refer to Hyatt in the singular.

VWOA, or, indeed, that they were officers, directors or managing agents of VWAG; as to the latter, they were employees, only. Accordingly, the effort to take their depositions by notice to VWOA was invalid and furnished no ground for the respondent court's order. *Lund* v. *Superior Court, supra,* 61 Cal.2d at pages 710-711 (fn. 6).

Respondent court disavowed making its order on the basis of any claim of *alter ego* and, indeed, an order so based would have found no support in the record. (*Hollywood Cleaning & Pressing Co.* v. *Hollywood Laundry Service, Inc.* (1932) 217 Cal. 124, 129-131 [17 P.2d 709]; *Luis* v. *Orcutt Town Water Co.* (1962) 204 Cal.App.2d 433, 443-444 [22 Cal. Rptr. 389]; *Marr* v. *Postal Union Life Ins. Co.* (1940) 40 Cal.App.2d 673, 681 [105 P.2d 649]. While it may be argued that a parent controls a subsidiary corporation and its employees for discovery purposes, it is unlikely that a subsidiary controls its parent. (*Westinghouse Credit Corporation* v. *Mountain States Mining & Milling Co.* (D. Colo. 1965) 37 F.R.D. 348.) There was no showing that VWOA could require employees of VWAG, its parent, to appear and testify anywhere.

Neither Goes nor Goebel was ever subpenaed by Hyatt, the real party in interest. A commission was issued by respondent court July 17, 1970 (pursuant to Code Civ. Proc. §§ 2018, 2019 and 2024) to take the depositions of these witnesses in Hamburg, West Germany. However, West Germany and the United States have no judicial assistance treaty whereunder West Germany will issue subpenas on request of courts in the United States. Counsel for Hyatt were informed by the American Consulate that it could not subpena or otherwise compel the witnesses to appear and the commission was returned to them. The attorneys also were informed by the consulate that Goes and Goebel were willing to give their depositions through the medium of letters rogatory (Code Civ. Proc. § 2018, subd. (b)) before the court in Wolfsburg, where they lived and worked.

At oral argument, counsel for Hyatt urged that the trial court's order was sustainable on the ground that the witnesses had agreed to give oral depositions in Hamburg, but had been induced not to do so by counsel for petitioners. This novel theory, first advanced in this court, finds no support either in the record or in any law cited to us by the real party in interest.

Let a peremptory writ issue prohibiting respondent court from carrying into effect its order of December 17, 1970, as modified February 9,

1971, and from taking further proceedings in relation thereto, except to vacate the order.

Files, P. J., and Jefferson, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied August 18, 1971.