### U. S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

### v.

### The METROPOLITAN MUSEUM OF ART, Defendant.

### No. 78 Civ. 1152 (LFM).

United States District Court, S. D. New York.

Nov. 6, 1978.

---

swers, pursuant to Rule 33(c), Fed.R.Civ.P., refer plaintiff to certain documents from which the information sought could be obtained, and defendant subsequently made these documents available to plaintiff.

Plaintiff's affidavit does nothing more than make conclusory assertions to the effect that it is easy for the defendant and difficult for the plaintiff to derive the information sought from the documents provided. On its face, a comprehensive review of thirteen years of employment records would not be an easy task for anyone. Since plaintiff has not demonstrated how this task is less burdensome for defendant, we conclude that under Rule 33(c), Fed.R. Civ.P., defendant may properly provide documents in response to the interrogatories in question.[1]

■ Two of the interrogatories in issue raise different questions. Interrogatory No. 9 seeks to discover the names of all lay and expert witnesses defendant intends to call at trial. We conclude that this interrogatory must be answered.

David G. Liss, Trial Atty., EEOC, Philadelphia, Pa., Ronald G. Copeland, Atty., EEOC, New York Regional Office, New York City, for plaintiff.

Lord, Day & Lord by Reigh F. Klann, New York City, for defendant.

## OPINION

MacMAHON, District Judge.

Plaintiff moves for an order to compel defendant to answer certain interrogatories. Rule 37(a), Fed.R.Civ.P.

■ The bulk of the interrogatories relate to defendant's employment records for the past thirteen years. Defendant's an-

The purpose of discovery under the Federal Rules of Civil Procedure is to "make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." [2] and to eliminate surprise and delay at trial. In the area of criminal law, the discretionary power of a court to compel disclosure of witness lists to aid in the preparation of a defense has been firmly established.[3] Although there is some authority to the contrary,[4] we conclude that the policies underlying the discovery provisions of the Federal Rules of Civil Procedure also support the disclosure of witness lists in civil cases.[5]

---

1. See *Burns v. Thiokol Chem. Corp.,* 483 F.2d 300, 307 (5th Cir. 1973).

2. *United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958).

3. *United States v. Cannone,* 528 F.2d 296 (2d Cir. 1975); *United States v. Baum,* 482 F.2d 1325 (2d Cir. 1973).

4. *Fidelis Fisheries Ltd. v. Thorden,* 12 F.R.D. 179 (S.D.N.Y.1952).

5. *United States v. 216 Bottles,* 36 F.R.D. 695 (E.D.N.Y.1965).

Disclosure of witness lists will enable a party to assess the strengths and weaknesses of his opponent's case more completely and will therefore enable the party seeking disclosure to prepare his own case more intelligently. Therefore, we conclude that defendant must answer Interrogatory No. 9.

 Interrogatory No. 11 calls for a list of all documents defendant plans to enter into evidence at trial. We find that this interrogatory is inappropriate and beyond the scope of discovery.[6]

Accordingly, defendant is ordered to respond to Interrogatory No. 9 in its entirety. Plaintiff's motion is denied in all other respects.

So ordered.

---

**6.** *Wedding v. Tallant Transfer Co.*, 37 F.R.D. 8, 10 (N.D.Ohio 1963); *Magelssen v. Local 518,* *Operative Plasterers' & Cement Masons' Int'l Ass'n*, 32 F.R.D. 464, 466 (W.D.Mo.1963).