**FEDERAL DEPOSIT INSURANCE CORPORATION, et al., Plaintiffs,**

v.

**Mario RENDA, et al., Defendants.**

**Civ. A. No. 85–2216–O.**

United States District Court,
D. Kansas.

May 17, 1989.

See also 692 F.Supp. 128.

Michael C. Manning, Mark W. McGrory, Brian E. Gardner, James W. Howard, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., for Federal Deposit Ins. Corp.; Christopher A. Byrne, Office of Gen. Counsel, Federal Deposit Ins. Corp., Washington, D.C., of counsel.

Jordon Luke, Gen. Counsel, Jack D. Smith, Deputy Gen. Counsel, Dorothy L. Nichols, Sr. Assoc. Gen. Counsel, John B. Beaty, Associate Gen. Counsel, Washington, D.C., for FSLIC.

Renate Winkler, Honolulu, Hawaii, pro se.

Joseph J. DeCarlo, Sr., Garden City, N.Y., pro se.

Steven M. Dickson, Dickson & Pope, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motion of the plaintiffs Federal Deposit Insurance Corporation, in its corporate capacity, Federal Deposit Insurance Corporation, as receiver for the Indian Springs State Bank, and Federal Savings and Loan Insurance Corporation for default judgment against the defendants Sammy G. Daily and Sam Daily Realty, Inc., pursuant to Federal Rule of Civil Procedure 37. The plaintiffs contend that the above-named defendants' actions during the course of discovery warrant the entry of a default judgment.

### I. The Facts.

On May 28, 1987, the plaintiffs [1] propounded interrogatories and requests for

---

**1.** The Federal Savings and Loan Insurance Cor- poration was not a plaintiff as of May 28, 1987.

production of documents to the defendants. The defendants obtained several extensions to September 1987, but failed to respond in any manner. On February 29, 1988, the plaintiffs filed a motion to compel the defendants to provide discovery. The defendants' response requested that the court allow them until May 9, 1988, to answer the discovery requests. However, as of December 30, 1988, the defendants had failed to respond. On that date, Magistrate Rushfelt entered an order granting the plaintiffs' motion to compel; the order stated that the defendants were to answer the plaintiffs' interrogatories without objection and respond to the requests for production of documents within thirty (30) days. The defendants failed to do so.

On February 21, 1989, the plaintiffs filed this motion for a default judgment. On March 6, 1989, the defendants filed a response to the plaintiffs' motion. On the same date, the defendants served their responses to the plaintiffs' interrogatories and requests for production. No documents were produced, but the defendants stated that they would make documents available to the plaintiffs in Hawaii, at the defendants' counsel's office in Topeka, Kansas, and at the offices of the Kansas City Organized Crime Strike Force in Kansas City, Missouri.

On March 15, 1989, a pretrial conference was held. Magistrate Rushfelt ordered the defendants to produce at the office of plaintiffs' counsel all documents located in Hawaii, at the defendants' counsel's office, and at the Strike Force office. The magistrate further directed the defendants to indicate the request to which the documents were responsive, and to explain to the court in writing any failure to produce. On March 27, 1989, the defendants delivered certain documents to the plaintiffs' counsel's office.

A brief explanation of the plaintiffs' interrogatories and requests for production, and the defendants' responses and objections is necessary. The plaintiffs propounded eighty-six (86) interrogatories to

the defendant Sammy G. Daily. His response to seventy-one (71) of these was: "Defendant respectfully declines to answer based upon his rights under the Fifth Amendment to the Constitution of the United States." To fourteen (14) of the remaining interrogatories, he responded, in essence, that he lacked sufficient knowledge to answer. To the final interrogatory, which requested identification of all persons who might have knowledge supporting any prospective defense, Daily responded: "Any witnesses listed by plaintiff or any defendant."

The plaintiffs propounded sixty-nine (69) interrogatories to the defendant Sam Daily Realty, Inc. The defendant corporation stated that it could not respond to eighteen (18) of these because it is not a natural person and thus cannot have discussions or knowledge of terms. The corporate defendant stated that it could not answer all or part of eleven (11) other interrogatories because it lacked sufficient knowledge and access to documents from which knowledge could be obtained.

Following the pretrial order, the defendants responded to the plaintiffs' request for production of documents. To sixty-nine (69) of the plaintiffs' seventy-nine (79) requests, the defendants responded: "Documents responsive to this request are not available, except as they may be provided in response to other request/s herein, or are otherwise in the possession, custody or control of plaintiffs." The defendants delivered to the plaintiffs eight (8) boxes of materials from Hawaii, but they did not produce any documents from the Strike Force office or offer an explanation for this failure.

## II. *The Law.*

Federal Rule of Civil Procedure 37 allows sanctions, including a default judgment, if a party fails to serve answers or objections to interrogatories or to respond to requests for production. *See* Fed.R.Civ.P. 37(d). The rule also allows the court to enter a default judgment where a party fails to

---

However, the discovery requests had to do with information which is relevant to its claims.

Thus, for purposes of this motion, we will not consider the plaintiffs separately.

obey a court order to provide discovery. *See id.* 37(b)(2).

Default judgment is a harsh sanction which the court should not lightly impose, *see M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.1987), and it must be based on "some fault on the part of or binding upon the party." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir.1988). The Tenth Circuit has warned that often, a lawyer and his client should not be treated as a unit for sanctioning purposes. *See Smith v. United States*, 834 F.2d 166, 171 (10th Cir.1987). Instead, the court should consider where the fault for noncompliance with the court's orders or discovery lies, and direct the sanction at that party, whether it be the lawyer or the client. *Id.* However, in certain circumstances, default judgment may be based on the actions of the lawyer. Specifically, the Tenth Circuit has stated:

> There comes a point, however, when the conduct of the lawyer and client can no longer be viewed as discrete, rather the lawyer represents his client and the client is bound by that representation. That point has been reached when the lawyer (or the client) makes a tactical decision and his noncompliance with the court's directive is not a product of inadvertence.

*Id.* In other words, if counsel engages in deliberate, dilatory tactics for the client's benefit, a default judgment may be warranted. *Ocelot*, 847 F.2d 1464 (dealing with dismissal, and indicating that dismissal or default judgment may be based on counsel's dilatory tactics). To determine whether counsel's actions are strategic rather than merely inadvertent, we should consider the following factors: (1) the degree of prejudice to the opposing party, (2) the amount of interference with the judicial process, and (3) the culpability of the litigant. *Id.* at 1464 (citing cases).

### III. *Application of the Law.*

 In the instant action, we find that the defendants' failure to provide discovery was the result of a deliberate, dilatory course of conduct by the defendants' counsel for the defendants' benefit. The plaintiffs first requested discovery on May 28, 1987. The defendants' responded nearly two years later. This delay could not plausibly have resulted from inadvertence, given the plaintiffs' February 1988 motion to compel, the defendants' assurance that responses would be forthcoming in May 1988, and the magistrate's December 1988 order requiring the defendants to provide discovery within thirty (30) days. Rather, it is apparent that the defendants or their counsel chose to delay responses until delay was no longer an option. Then, the discovery that the defendants provided consisted largely of "non-responses," such as the defendant Sammy G. Daily's numerous assertions of the fifth amendment (although the court recognizes that such a response is valid, there is no excuse for delaying nearly two years in giving it), the defendants' assertions of inadequate knowledge (again, although valid, there is no excuse for a two year delay in giving such a response), and the defendant corporation's responses that it could not respond because it is not a natural person capable of having discussions or knowledge (the instructions accompanying the interrogatories and the law regarding corporations make it clear that the defendant corporation is bound by the knowledge and acts of its officers, agents, and employees, and that the interrogatories regarded such knowledge or acts). Moreover, to the vast majority of the requests for production of documents, the defendants responded that the documents are not available or are otherwise in the plaintiffs' possession. Such a response is inadequate. Even if the plaintiffs are in possession of certain documents which they requested from the defendants, the plaintiffs are entitled to review those documents which are in the defendants' control. Such a review is necessary for the plaintiffs to fully understand the nature of the defendants' knowledge of the fraudulent transactions herein at issue. Further, if the documents are unavailable, the defendants must, especially in light of the magistrate's order compelling production, specify the reason for their absence. Additionally, the defendants produced no documents from the Strike Force office, and

they offered no explanation for this failure to produce. In short, the defendants or their counsel chose a strategy of delay and evasiveness.

This strategy has significantly prejudiced the plaintiffs. Discovery in this case closed as of March 31, 1989, but the plaintiffs have not received sufficient responses to their discovery requests. Given this, the plaintiffs' ability to prepare a meritorious motion for summary judgment, or to adequately prepare for trial, is significantly diminished. Further, the plaintiffs have deposed numerous persons without the benefit of the knowledge which would result from proper discovery responses. For this reason, and because of the two-year delay already caused by the defendants, even if the plaintiffs receive leave from the court for further discovery, they have been significantly prejudiced.

Further, the defendants' strategy has significantly interfered with the judicial process. Discovery plays an important role in our adversarial system, and the defendants' actions have significantly interfered with that role. Moreover, the defendants have ignored the order of this court to compel discovery. This conduct has made it impossible for this case to proceed with any degree of regularity or to be resolved in a "just, speedy and inexpensive" manner. *Norman v. Young,* 422 F.2d 470, 474 (10th Cir.1970) (quoting *Robison v. Transamerica Insurance Company,* 368 F.2d 37, 39 (10th Cir.1966)).

As to the final *Ocelot* factor, the culpability of the litigants, no evidence conclusively indicates whether the defendants or their counsel chose to utilize the dilatory tactics involved herein. However, we note that the defendants are not strangers to the federal forum. Sammy G. Daily is currently incarcerated as a result of a criminal action arising from the facts giving rise to the instant lawsuit. Additionally, the plaintiffs represent that Sammy G. Daily has testified at various trials and been present at numerous depositions related to the instant litigation. Thus, although we cannot state with certainty that the defendants themselves are culpable, we can state that it is likely that they were at least aware of their counsel's actions. In any event, those actions were the result of a tactical decision by counsel for the benefit of the defendants, and the defendants are thus bound by the actions. *See Smith,* 834 F.2d at 171.

Given the defendants' strategy of delay and evasiveness, sanctions are in order. Sanctions against the defendants' counsel would be inadequate because the dilatory tactics were used for the benefit of the defendants. Moreover, a sanction such as charging the defendants with the plaintiffs' attorney's fees would be insufficient and probably meaningless. The court would impose attorney's fees if the failure to comply with discovery and the court's orders was the result of negligence or inadvertence. Where, however, the failure is willful, a more severe sanction is in order. Thus, we will grant the plaintiffs' motion for a default judgment. We further find that the plaintiffs are entitled to their reasonable expenses and attorney's fees incurred in bringing this motion. *See* Fed.R. Civ.P. 37(b) and (d).

In closing we stress that we understand that the law strongly "favors the disposition of litigation on its merits." *Meade v. Grubbs,* 841 F.2d 1512, 1220 (10th Cir.1988) (quoting *Meeker v. Rizley,* 324 F.2d 269, 271 (10th Cir.1963). However, where a party or his counsel makes a tactical decision to engage in conduct in contempt of or in utter indifference to the process by which litigation is resolved, harsh sanctions, including dismissal or a default judgment, may be in order. Here, such a tactical decision was made, and we find that entry of a default judgment is warranted.

IT IS THEREFORE ORDERED that the plaintiffs' motion for a default judgment against the defendants Sammy G. Daily and Sam Daily Realty, Inc., is granted. Further, the plaintiffs are entitled to reasonable expenses and attorney's fees incurred in bringing this motion, and they should submit an affidavit regarding such expenses and fees within twenty (20) days. The defendants will have ten (10) days thereafter to respond.