In re Joseph T. **KOLINSKY**, Debtor.

**G.B.G., INC. and Jay E. Russ, Plaintiffs,**

v.

**Joseph T. KOLINSKY and Conjo Realty Corp., Defendants.**

**Bankruptcy No. 86 B 20217.
No. 92 ADV. 5020.**

United States Bankruptcy Court, S.D. New York.

May 8, 1992.

See also 138 B.R. 773.

Stroock & Stroock & Lavan, New York City, for plaintiffs.

Rosen, Einbinder & Dunn, P.C., New York City, for defendant, Conjo Realty Corp.

Reich & Reich, White Plains, N.Y., for defendant, Joseph T. Kolinsky.

## DECISION ON MOTION FOR SUMMARY JUDGMENT FOR A PROTECTIVE ORDER AND TO COMPEL THE PRODUCTION OF DOCUMENTS

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

G.B.G., Inc. ("G.B.G.") and Jay Russ ("Russ") have moved for summary judgment to dismiss the affirmative defenses and counterclaim asserted by the defendants, Joseph T. Kolinsky ("Kolinsky"), the debtor, and his wholly owned nondebtor

corporation, Conjo Realty Corp. ("Conjo"), in an adversary proceeding for specific performance of a contract for the purchase and sale of real property. In support of their motion, G.B.G. and Russ argue that there are no material facts at issue. The movants contend that the facts found by the court in connection with previous litigation between the parties are *res judicata.* They further assert that those claims which could have been raised in prior proceedings are also barred from being raised now by *res judicata.* In addition, G.B.G. and Russ seek a protective order against particular discovery demands made by the defendants on the grounds that the requests are impermissible under Federal Rule of Civil Procedure 26(b) and are precluded by collateral estoppel. They have also asked the court to order the defendants to produce certain documents and to bear the costs of this motion.

Kolinsky and Conjo oppose G.B.G. and Russ's motion for summary judgment. The defendants argue that the defenses and the counterclaim are not precluded by *res judicata* because the cause of action presently before the court differs from the claims upon which this court previously rendered a decision. They assert that in order for *res judicata* to apply, the causes of action which are the subject of the proceedings must be the same. The defendants also urge the court to deny G.B.G. and Russ's request for a protective order, contending that their discovery demands are valid and differ from the discovery demands made by the defendants in a prior adversary proceeding. Additionally, the defendants seek a protective order against the discovery demands made by G.B.G. and Russ because they are overbroad.

### FACTUAL BACKGROUND

On May 8, 1986, Kolinsky filed with this court a petition for reorganizational relief under Chapter 11 of the Bankruptcy Code and has continued in possession and management of his property in accordance with 11 U.S.C. §§ 1107 and 1108. Kolinsky is the sole shareholder of Conjo, a New York corporation. Conjo's primary asset is a parcel of approximately three and a half acres of real estate with buildings and improvements located on waterfront property on City Island, New York.

On April 7, 1987, Conjo entered into a contract (the "Conjo contract") with Joseph P. Gagliano, Alexander M. Goren, and James G. Goren (collectively, the "Purchasers") for the sale and purchase of Conjo's property. The contract contained the following basic provisions:

A. The purchase price was $1.7 million, with $100,000.00 down.

B. Purchasers would pay another $500,000.00 to fund a plan to pay the creditors in the bankruptcy of Transportation Services, Inc. ("TSI"), a New York corporation wholly owned by Kolinsky and located on the Conjo property.

C. Purchasers would have responsibility for attempting to obtain a rezoning of the property to allow for condominium and waterfront development.

D. Purchasers would have five years from the contract date to exert their best efforts to obtain the rezoning.

E. Purchasers would attempt to obtain rezoning to construct 72 condominium units and 72 boat slips.

F. In the event that the rezoning application was denied, or approved for fewer than 72 units and slips, or not acted upon by the expiration of the five year period, purchasers at their sole option could elect to close title for the full contract price or cancel the contract.

G. During the five years, Kolinsky and TSI could remain on the property rent-free.

H. During this period, Conjo could continue to collect and keep all rents from the existing tenancies.

I. During the contract period, purchasers would be responsible for paying all real estate taxes on the property.

Under the contract, a "First Closing" was to take place on May 7, 1987 and "Second Closing" was to occur either 45 days after Purchasers obtained the required zoning approvals or at any time at the Purchasers' behest upon giving 30 days written notice to Kolinsky. The contract also provided

that Conjo would pay a commission to Russ, the real estate broker who procured the purchasers. Kolinsky, as sole shareholder of Conjo, signed the contract indicating his approval and acceptance of the contract.

Kolinsky also personally entered into a joint venture agreement with the Purchasers which provided that the corporation formed by the Purchasers to be the assignee of the Conjo contract would have full charge of the development of the Conjo property and that the net profits from the development project would be distributed 70% to the corporation or its assignees and 30% to Kolinsky. Conjo also executed a mortgage note in favor of the Purchasers. Shortly thereafter, the Purchasers assigned their rights in the contract and joint venture agreement to G.B.G., the corporation which they formed to purchase Conjo's real property. The Purchasers are G.B.G.'s sole shareholders. Russ was named as an officer and director of G.B.G.

Subsequently, Kolinsky and Conjo commenced an action in this court against the Purchasers to rescind the contract for the sale of the Conjo property on several grounds including misrepresentation and breach of contract. In the complaint, Kolinsky and Conjo sought rescission of the Conjo contract, alleging that the Purchasers fraudulently induced Kolinsky, on behalf of Conjo, to execute the sale of the real property by falsely representing that they would diligently use their best efforts to obtain rezoning and proceed with the development, while intending not to proceed with best efforts to obtain rezoning until they secured a purchaser to whom they could assign the deal for a substantial profit. It was also alleged that the defendants had breached the contract of sale by delaying development of the property, failing to pay the real estate taxes with respect to the property and by not using their best efforts to obtain the necessary zoning variances and permits. Based upon these claims, the plaintiffs sought to rescind the Conjo contract, the joint venture agreement between Kolinsky and the defendants and Conjo's mortgage which was issued to the Purchasers. Russ was also named as a

defendant in the action. However, the complaint did not allege that he acted wrongfully and no affirmative relief was sought from him.

Thereafter, the defendants made a motion to dismiss the complaint on various grounds. *See In re Kolinsky*, 100 B.R. 695 (Bankr.S.D.N.Y.1989). The court dismissed the claim against Russ for failure to state a cause of action. In dismissing the complaint as to Russ, the court explained, "No relief is sought from him, nor does the complaint allege that he made any false representations. Accordingly, the complaint must be dismissed as against him." *Id.* at 706. The court did not dismiss the claims against the Purchasers. An order reflecting the court's decision was duly entered.

The plaintiffs amended their complaint to reflect the court's decision and added G.B.G. as a defendant. The claims in the amended complaint were extensively litigated before this court in a lengthy trial. After the trial, the court dismissed the plaintiffs' complaint based upon their failure to establish a *prima facie* case. The court, in a written decision, concluded that the plaintiffs failed to sustain their burden of proving their allegations that: (1) The defendants fraudulently induced Kolinsky to enter into the contract for sale of the Conjo property. (2) The defendants substantially and materially breached their contract of April 7, 1987 so as to defeat the objectives of the parties in making the contract. (3) The defendants, when they entered into the Conjo contract on April 7, 1987, did not intend to seek rezoning to allow for the proposed development within the five-year contractual time-frame. *In re Kolinsky*, 110 B.R. 128, 138 (Bankr. S.D.N.Y.1990). The court entered an order as to its decision.

Thereafter, G.B.G. sought to close title and purportedly tendered performance but the sellers refused to close. Consequently, G.B.G. commenced an action in this court to compel Kolinsky and Conjo to perform the contract. Russ is also a plaintiff in the action. He is seeking his brokerage commission in connection with the sale of the

Conjo property. Kolinsky and Conjo have filed an answer in which they assert various affirmative defenses and a counterclaim.

The answer sets forth eight affirmative defenses to G.B.G.'s first claim for relief which seeks to compel Kolinsky to transfer the property to G.B.G. In the First Affirmative Defense, the defendants allege that they are not required to transfer the Conjo property to G.B.G. because G.B.G. is not the purchaser of the Conjo property for the reason that the contract had not been assigned to the corporation in accordance with its terms. The Second Affirmative Defense charges that G.B.G. failed to tender performance under the contract in that it (1) offered to pay a portion of the purchase price directly to Russ, a third party; (2) sought a credit for expenses not allowed by the contract; and (3) inflated the interest rate authorized by the contract. The defendants allege, in the Third Affirmative Defense, that G.B.G.'s failure to tender performance constitutes a breach of contract and, therefore, excuses performance. The Fourth Affirmative Defense states that the Purchasers submitted inflated interest rates and falsified expenses. This purported act is characterized as an attempt to defraud the sellers and amounts to unclean hands which is a defense to specific performance. The Fifth Affirmative Defense asserts that G.B.G. attempted to deprive Kolinsky of a 30% share of its stock, which he is entitled to under the contract. The Sixth Defense charges that this act on the part of G.B.G. constitutes unclean hands, a defense to specific performance. The Seventh Affirmative Defense alleges that Russ did not disclose that he served as attorney for the Purchasers while he acted as Conjo's real estate broker. Kolinsky claims that this failure to disclose renders the contract void.

The answer also contains three defenses in response to the second claim for relief in the complaint which seeks payment of Russ's commission for procuring the Purchasers of the Conjo property. The answer alleges that Russ breached his obligations to Kolinsky by failing to disclose his posi-tion as an officer of G.B.G. and his role as attorney for the Purchasers and accordingly, he is not entitled to a commission. It also asserts that Russ is not entitled to a commission because he acted in a dual capacity, as broker for the seller and as attorney for the Purchasers. Finally, the answer alleges that Russ is not entitled to a commission from Kolinsky because he has already received payment from G.B.G.

Kolinsky has also asserted a counterclaim in the answer which seeks a declaration from the court that he is entitled to a 30% shareholder interest in G.B.G. The counterclaim alleges that G.B.G. has not turned over any shareholder interest to Kolinsky in violation of the joint venture agreement executed between Kolinsky and the Purchasers. The joint venture agreement provides that if the Conjo contract was assigned to a corporation, Kolinsky would be entitled to a 30% share in the assignee.

G.B.G. and Russ have moved for summary judgment to dismiss the defenses and counterclaims contained in the answer on the grounds that all questions of fact have been resolved in previous litigation before this court. The movants argue that the allegations contained in the answer are barred by *res judicata* because they either were already actually litigated in the defendants' action to rescind the contract or could have been raised in that proceeding. Kolinsky and Conjo oppose the motion for summary judgment dismissing the answer on the grounds that there are material facts in issue. The defendants argue that *res judicata* is inapplicable in this instance because the cause of action presently before this court differs from the claims that were the subject of prior litigation.

G.B.G. and Russ also seek a protective order as to the defendants' discovery demands which relate to the claims in the answer on the grounds that the requests violate Federal Rule of Civil Procedure 26(b) because they are cumulative, vague, and obtainable from another source. Moreover, G.B.G. and Russ argue that the defendants' discovery demands relate to issues previously litigated in this court and

therefore, are barred by collateral estoppel. Kolinsky and Conjo oppose the plaintiff's application for a protective order on the grounds that the requests are distinct and different from previous discovery. They also assert that the documents are not readily obtainable from another source. Although copies of the documents are in the possession of the debtor's former counsel, Herrick, Feinstein, the defendants contend that the attorneys will release the documents. A member of the firm has advised the defendants that the documents will not be released until Conjo pays the firm its claimed fees for past legal work. The defendants allege that Herrick, Feinstein is not entitled to the claimed compensation and that, in any event, Conjo cannot afford to pay the firm. They also allege that their document requests are not barred by collateral estoppel because collateral estoppel does not apply to discovery. Rather, it precludes the relitigation of an issue by the parties. Furthermore, the defendants argue that collateral estoppel is not applicable in this case because the issues now before the court have not been previously litigated.

G.B.G. and Russ have demanded that the defendants produce all documents that they intend to introduce at trial. The defendants seek a protective order against this document request on the grounds that it is overbroad and improper in that it necessarily involves revealing their trial strategy to their adversaries. G.B.G. and Russ are also seeking their costs for making this motion. Kolinsky and Conjo have made an application for an adjournment of the trial which is set for May 28, 1992. The G.B.G. and Russ oppose any adjournment.

## DISCUSSION

*Summary Judgment Dismissing Answer*

G.B.G. and Russ have moved for summary judgment under Federal Rule of Civil Procedure 56, which is made applicable to this adversary proceeding by Bankruptcy Rule 7056. In ruling on a motion for summary judgment, the court's function is to determine if there is no genuine issue as to a material fact so that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of any evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1363, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510. Summary judgment dismissing the allegations in the answer is appropriate in this case if those allegations are *res judicata.*

 The doctrine of *res judicata* precludes the litigation of any claim that was available to a party in a prior action, regardless of whether the judgment actually determined that claim or ground. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); *Prime Management Co., Inc. v. Steinegger*, 904 F.2d 811 (2d Cir.1990). The United States Supreme Court described the preclusive effect of *res judicata* as follows:

Simply put, the doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Cromwell v. County of Sac*, 94 U.S. [ (4 Otto) ] 351, 352, 24 L.Ed. 195 (1877). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon

any ground whatever." (citations omitted)

*Nevada v. United States,* 463 U.S. 110, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983). The doctrine of *res judicata* is applicable where there is a valid, final judgment on the merits, rendered by a court of competent jurisdiction, based on the same cause of action as the action currently before the court and involving the same parties or parties in privity with them. *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *N.L.R.B. v. United Technologies Corp.,* 706 F.2d 1254, 1259 (2d Cir.1983); *Herendeen v. Champion Int'l. Corp.,* 525 F.2d 130, 133 (2d Cir.1975); J. Moore & T. Currier, *Moore's Federal Practice* ¶ 0.411{2}, at 1281 n. 1 (2d ed. 1982). If these foregoing requirements are satisfied, the assertions set forth in the defendants' answer will be precluded by *res judicata.*

This court previously entered two judgments [1] which relate to the action for specific performance pending before the court. One dismissed Kolinsky and Conjo's action to rescind the contract for the sale of the Conjo property as to the Purchasers for failing to establish a *prima facie* case. The other dismissed the complaint as to Russ for failure to state a cause of action. Both judgments are final, on the merits pursuant to Federal Rule of Civil Procedure 41(b) [2]. Both judgments were rendered by the bankruptcy court, a court of competent jurisdiction. Both judgments involve the same parties or parties in privity with them.

Nevertheless, all of the claims in the answer are not based upon the same cause of action that was the subject of the prior judgments. The test for determining whether the causes of action are the same is not at all rigid, as elucidated in the following language:

> The Second Circuit has adopted a broad view of what constitutes the same cause of action. Actions need not be identical; they only need to be integrally related. In assessing claims, the Court considers several related factors, not one of which is necessarily dispositive, including: (1) whether the same transaction or connected series of transactions is at issue; (2) whether the same evidence is needed to support both claims; and (3) whether the facts essential to the second action were present in the first.

*G & T Terminal Packaging v. Consol. Rail Corp.,* 719 F.Supp. 153 (S.D.N.Y.1989) (citations omitted). Here, both causes of action are based upon the same transaction, namely, the contract for the purchase and sale of the Conjo property. However, the facts and the evidence that supported Kolinsky and Conjo's claim for rescission of the contract do not sustain all of their affirmative defenses to the specific performance action and their counterclaim. Most of the defenses as well as the counterclaim are based upon facts that did not exist when the previous judgments were entered.

■ While *res judicata* may bar the litigation of claims that arose prior to a previous judgment, it does not bar those claims which did not exist at the time that the judgment was entered which could not have been raised in the earlier action. *Lawlor v. Nat'l Screen Serv. Corp.,* 349 U.S. 322, 328, 75 S.Ct. 865, 868, 99 L.Ed. 1122 (1955); *Prime Management,* 904 F.2d at 816. Accordingly, in this case, *res judicata* prevents the assertions in the answer that were raised or could have been raised

1. Federal Rule of Civil Procedure 54(a) defines Judgment and provides as follows:

 (a) **Definition; Form.** "Judgment" as used in these rules includes a decree and any order from which an appeal lies. A judgment shall not contain a recital of pleadings, the report of a master, or the record of prior proceedings.

 Fed.R.Civ.P. 54(a). In this case, the judgments are in the form of orders which were entered after this court rendered its decisions.

2. Federal Rule of Civil Procedure 41(b) governs the effect of involuntary dismissals of actions and provides in relevant part as follows:

 Unless the court in its order for a dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

 Fed.R.Civ.P. 41(b).

in the foregoing proceedings from being raised now. In order to determine whether *res judicata* applies, this court must examine each assertion in the answer and consider whether it could have been raised in the prior action or whether it arose subsequently.

■ In determining whether a claim could have been raised in a prior action, it is necessary to compare the prior judgments with the action now before the court. The previous judgments, entered more than two years ago, were based on Kolinsky's and Conjo's action to rescind the Conjo contract. Rescission is appropriate where there is a willful and material breach of contract or a breach so substantial and fundamental so as to defeat the objective of the parties. *Canfield v. Reynolds*, 631 F.2d 169 (2d Cir.1980); *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir.1976); *Affiliated Hospital Products, Inc. v. Merdel Game Mfg. Co.*, 513 F.2d 1183 (2d Cir.1975); *Nolan v. Sam Fox Publishing Co., Inc.*, 499 F.2d 1394 (2d Cir. 1974). Thus, in order to have prevailed on their claim for rescission, Kolinsky and Conjo must have established that the Purchasers and Russ substantially breached the contract. *Res judicata* prevents them from now raising any claim which could have been raised in that action.

■ G.B.G. and Russ have brought an action to compel specific performance of the Conjo contract which is pending in this court. Specific performance is an equitable remedy for breach of contract that may be granted to enforce an agreement for the sale of real property. In order to succeed on action for specific performance, the plaintiffs must show that they were ready, willing, and able to perform their obligations and that the defendants breached the agreement. Jaeger, 11 *Williston on Contracts*, § 1418A (3d ed. 1968). In this case, allegations that the Purchasers breached the contract subsequent to the previous action, are valid defenses to their action for specific performance. These defenses could not have been raised in the prior action to rescind the Conjo contract because the facts establishing the Purchasers' purported breach did not exist at that time.

Practically all of the defenses asserted in response to the Purchasers' First Claim for Relief in the complaint are based on allegations that the Purchasers breached the contract. These defenses could not have been raised in the prior action to rescind the contract. Therefore, they are not barred by *res judicata*. The Second, Third, Fourth, Fifth and Sixth Affirmative Defenses relate to the Purchasers' duty to perform the contract according to its terms. Because these defenses did not exist when the prior judgments were entered, *res judicata* does not prevent them from being raised now. The defendants, however, are barred from asserting the First Affirmative Defense in which they allege that the Conjo contract was improperly assigned to G.B.G. The assignment took place before the action to rescind was tried. Indeed, Kolinsky and Conjo amended their complaint in that action to name G.B.G. as a defendant. Therefore, because it could have been raised in the previous action, this defense is barred by *res judicata*.

■ The three defenses asserted in the answer in response to Russ's claim for payment of brokerage commissions in connection with the sale of the Conjo property are not barred by *res judicata*. In the prior action, Kolinsky and Conjo sought to rescind the Conjo contract on the ground that the Purchasers fraudulently induced Kolinsky to enter the Conjo contract. The complaint was dismissed as to Russ for failure to state a cause of action because it did not allege any fraud on Russ's part and no relief was sought against him. Russ's commission was not an issue in that proceeding and accordingly, claims relating to it were not raised at that time. Indeed, the defense to Russ's claim for his commission did not arise until Russ demanded payment. Because the demand occurred subsequent to the prior action to rescind the contract, the defenses responding to it could not have been raised in the earlier proceeding.

■ The defendants also assert in their answer a counterclaim which seeks a decla-

ration that Kolinsky is entitled to a 30% stake in G.B.G. The counterclaim does not at all relate to the previous action to rescind the Conjo contract. Rather, it deals with performance of the joint venture agreement between Kolinsky and the Purchasers which is separate and distinct from the Conjo contract. The facts supporting the counterclaim did not exist at the time of the previous action but only arose after G.B.G. allegedly breached the provisions of the joint venture agreement.

### Discovery Demands

■ Kolinsky and Conjo's request for a protective order with respect to the plaintiffs' document request is granted. The plaintiffs' demand that the defendants produce all of the documents that they intend to introduce at trial is inappropriate. Federal Rule of Civil Procedure 34(a) governs the scope of requests for the production of documents and provides that "[A]ny party may serve on any other party a request (1) to produce and permit the party making the request ... to inspect and copy, any *designated* documents ..." Fed.R.Civ.P. 34(a) (emphasis added). The designated documents must be identified with reasonable particularity. Fed.R.Civ.P. 34(b). In this case, the plaintiff's discovery request is not sufficiently specific. Indeed, the request clearly extends beyond the scope of discovery. *United States Equal Employment Opportunity Comm'n v. The Metro. Museum of Art*, 80 F.R.D. 317 (S.D.N.Y. 1978).

■ G.B.G. and Russ's application for a protective order is denied. Federal Rule of Civil Procedure 26(b) permits the court to limit the scope of discovery if the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive. The documents sought by the defendants in this case, although similar to the previous discovery requests, are not identical to them. Rather, the current requests are distinct and different, seeking documents that relate to the allegations made by the plaintiffs in the complaint and the issues raised by the defendants in their answer. Furthermore, the defendants cannot readily obtain the documents from another source even though the defendants' former counsel, Herrick, Feinstein, possesses photocopies of many of the documents. Herrick, Feinstein refuses to hand over the photocopies to the defendants unless Conjo pays its outstanding legal bill. Conjo alleges that the firm is not entitled to its claimed compensation and asserts that even if the fees are valid, it cannot afford to pay them. In light of these facts, it is obvious that it would be inconvenient, burdensome and costly for the defendants to obtain copies of the documents from Herrick, Feinstein. Moreover, Herrick, Feinstein only possesses copies of the documents. The defendants have a right to inspect the originals. Possession of copies of documents does not prevent discovery of actual documents so as to avoid possible challenges to the genuineness of copies at the trial. 4 James Wm. Moore, *Moore's Federal Practice*, § 26–184 (2d. ed. 1991).

■ The defendants' requests for documents are not barred by collateral estoppel, or issue preclusion. Collateral estoppel prevents a party from relitigating an identical issue with the same party or his privy. *Parklane Hosiery* 439 U.S. at 326, 99 S.Ct. at 649. In this case, the issues set forth in the answer responding to the action for specific performance now pending before the court were not previously litigated and thus are not barred by collateral estoppel. Because the assertions in the answer can be raised at this time, the defendants may seek discovery relating to these items. Furthermore, even if the defendants' allegations were barred by *res judicata*, discovery would nevertheless be permitted. The scope of discovery is very broad. Parties may seek discovery of information that is not admissible at trial so long as the information is reasonably calculated to lead to the discovery of admissible evidence. *Heat and Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017 (Fed.Cir. 1986). Declined to be followed on other grounds by 849 F.2d 70 (2d Cir.1988); 813 F.2d 1473 (9th Cir.1987).

CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The plaintiffs' motion for summary judgment to dismiss the defendants' answer is granted as to the First Affirmative Defense to the plaintiffs' First Claim for Relief. This defense, which challenges G.B.G.'s status as a purchaser, is precluded from being raised in this action by *res judicata* because it could have been raised by the defendants in their prior action to rescind the Conjo contract.

3. The plaintiffs' motion for summary judgment to dismiss the defendants' answer is denied as to the remaining defenses and the counterclaim because there are factual issues in dispute. The allegations asserted by the defendants are not precluded by *res judicata* because they are not based upon the same cause of action as the prior judgments.

4. The plaintiffs' application for a protective order is denied. The discovery sought by the defendants is relevant and is not cumulative or readily obtainable from another source. The discovery is also not barred by collateral estoppel. Accordingly, the plaintiffs' request for the costs of making this motion is denied.

5. The defendants' motion for a protective order is granted because the discovery sought by the plaintiffs is overly broad.

6. Because the parties must prepare for the forthcoming trial on the merits of the specific performance action, this court adjourns the trial to a date in late June that is mutually convenient to the parties.

SETTLE order on notice.