**Richard L. RAMSAY, Trustee, Plaintiff,**

v.

**G.C. EVANS SALES AND MANUFACTURING COMPANY; Evans Realty Company and Gerald McNamer, Defendants.**

Bankruptcy No. 94–40764 S.
Adv. No. 94–4127.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 12, 1996.

Richard Ramsay, Trustee.

Charles T. Coleman, Little Rock, AR, for G.C. Evans Sales and Manufacturing Co. and Evans Realty Company.

Grant E. Fortson, Little Rock, AR, for Gerald McNamer.

### ORDER DENYING MOTION TO COMPEL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant G.C. Evans Sales & Manufacturing Company's Motion to Compel, filed on October 18, 1995, to which a response and reply were filed. Hearing on the matter was held on December 12, 1995, at which time the parties presented oral argument to the Court.

The plaintiff is the Chapter 7 trustee in Bankruptcy who is charged with, among other duties, investigating the financial affairs of the debtor and collecting property of the estate for distribution to creditors. 11 U.S.C. section 704. In furtherance of these duties, he filed the instant adversary proceeding against G.C. Evans Sales and Manufacturing Company ("Evans Sales") to recover a preference allegedly obtained by one of debtor's insiders. The trustee amended the complaint to add another insider and the debtor as defendants and adding a civil conspiracy count. Specifically, the trustee seeks recovery of funds for debtor's services to the other defendants.

Dissatisfied with the responses they received to its discovery upon the trustee, the defendant G.C. Evans Sales filed the instant motion to compel. The Court has reviewed

the Request for Admissions served upon the trustee and his response and finds that he has sufficiently responded to the statements contained in the request. Accordingly, the motion will be denied as to the Request for Admissions.

Evans Sales also seeks to compel the trustee to respond to interrogatories served upon the trustee on September 11, 1995. Since there is no certificate of service in the Court file, nor any interrogatories or answers to interrogatories appended to the Motion to Compel, the Court cannot make a determination as to whether any answers are proper. To the extent the trustee has failed to respond at all to the interrogatories, he must immediately do so.

■ The defendant's request for production broadly requested that the trustee produce the documents which support his claim.[1] The trustee's responds (1) that he has produced all documents in his possession; and (2) that the documents are already in the possession of the defendants. Inasmuch as the trustee avers that he has produced all documents in his possession and control, the motion to compel will be denied. As a legal and practical matter, a party cannot be compelled to produce documents which he does not have or to which he does not have access. Fed.R.Bankr.Proc. 7034(a) (requiring documents be in the "possession, custody or control of the party upon whom the request is served.").[2]

The Court is also mindful that this action is brought by the trustee in bankruptcy who therefore is a third party outsider to the alleged preferential and fraudulent transactions. As such he must plead and respond to discovery with second hand knowledge. *See In re O.P.M. Leasing Services, Inc.,* 32 B.R. 199, 203 (Bankr.S.D.N.Y.1983); *see also Schlick v. Penn Dixie Cement Corp.,* 507 F.2d 374, 379 (2d Cir.1974), *cert. denied,* 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *Davidson v. Bank of New England (In re Hollis and Company),* 86 B.R. 152, 156 (Bankr.E.D.Ark.1988). It is apparent

from the allegations of the complaint the evidence supporting his case would in fact be the records of the defendant and/or debtor. If he does not yet possess copies of those documents they cannot be produced.

■ Of course, the fact that defendant may already possess the documents is not a proper response. The defendant is entitled to any properly discoverable documents in the possession or control of the trustee whether or not the defendant already has the documents. The defendant is entitled to ascertain the genuineness of copies in the possession of the trustee, *In re Kolinsky,* 140 B.R. 79 (Bankr.S.D.N.Y.1992), to narrow and define the issues for trial, *Cook v. Rockwell International Corp.,* 161 F.R.D. 103 (D.Colo. 1995), and to understand the nature of the trustee's knowledge of the transactions, *FDIC v. Renda,* 126 F.R.D. 70 (D.Kan.1989). Thus, should the trustee come into possession of additional documents within the purview of a previously served, proper request the Court hereby directs that the trustee produce any such documents to the defendant. Fed.R.Bankr.Proc. 7026(e). Based upon the foregoing, it is

**ORDERED** as follows:

1. The trustee shall file a certificate of service with regard to his responses to interrogatories within ten (10) days of entry of this Order.

2. The Motion to Compel, filed on October 18, 1995, is DENIED.

3. The Trustee is placed under a duty to supplement his responses to the requests for discovery pursuant to Rule 7026(e) should he obtain additional information or documents within the scope of the request for production of documents or interrogatories.

**IT IS SO ORDERED.**

---

1. The request for the trustee's trial exhibits is not a proper request absent the special showing required under Rule 7026(b)(3).

2. Of course, the failure of the trustee to obtain evidence may hinder the trustee in prosecuting his case at trial.